**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | No. 3:05-CR-099-L |
| | ) | No. 3:06-CV-987-L |
| **JENNIFER MITCHELL** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge are as follows:

**FINDINGS AND CONCLUSIONS**

Jennifer Mitchell ("Movant") seeks to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

**STATEMENT OF THE CASE**

On April 19, 2005, Movant was indicted on eight counts of bank fraud, each in violation of 18 U.S.C. § 1344. (Def's Mem. at 2). On October 31, 2005, Movant pled guilty to Count One. (Def's Mem. at 2). On April 17, 2006, she was sentenced to 15 months imprisonment and a three-year term of supervised release. (Def's Mem. at 2). The Court imposed $160,355 in restitution. (Def's Mem. at 2). Movant did not appeal. Her § 2255 motion was timely filed on June 2, 2006.

**STATEMENT OF THE CLAIMS**

Movant alleges the following grounds for relief:

> Movant was denied the constitutionally effective assistance of counsel based upon the following deficiencies:
>
> 1. Counsel's failure to object to the loss amount of $160,355 which the trial court found to be relevant conduct; and
>
> 2. Counsel's failure to argue that a higher burden of proof, beyond preponderance of the evidence, was required when relevant conduct alone significantly increases the term of imprisonment.

**EXAMINATION OF THE CLAIMS**

**Ineffective Assistance of Counsel**

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. *U.S. CONST., art. VI.* To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. A movant's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prongs if one component is found lacking. *Id.* at 697. The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) (citing *Strickland,* 466 U.S. at 687). Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695.

### 1. Counsel's failure to object that the loss amount of $160,355 was not relevant conduct

Movant claims that trial counsel was ineffective because he failed to object to the $160,355 loss amount which was based on the facts alleged in Count Eight of the indictment and attributed to Movant as relevant conduct. Movant alleges that she never engaged in criminal conduct as alleged in Count Eight of the indictment because she was the victim of a scam. She further states that if this conduct was not considered by the Court in its loss calculations, Movant's guideline range would be significantly lower.

Movant voluntarily entered into a plea agreement with the government. In fact, she does not wish to withdraw her guilty plea. Rather, she seeks a new sentence. However, the plea agreement provides as follows:

> Restitution to the victims of defendant's conduct or to the community in an amount to be ordered by the Court. The defendant agrees, as part of her plea bargain with the government, that the amount and recipients of any restitution shall not be limited to that suffered by the victim or victims of the conduct described in the particular count to which defendant is pleading guilty, but shall include the losses incurred by all of the victims of all of the conduct considered by the Court as "relevant conduct" for purposes of calculating the offense level in this case. (Plea Agreement at 2).

Relevant conduct includes, "all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). "For two

3

or more offenses to constitute part of a common plan or scheme, they must be substantially connected to each other by at least one common factor." USSG § 1B1.3, comment. (n.9(A)). "Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of events. *Id.*, comment." (n.9(B)).

Movant admitted in her plea agreement that the criminal conduct alleged in Count Eight was relevant conduct. (Plea Agreement at 2.) Moreover, in a sentencing memorandum, Movant admitted that she owes restitution in the amount of $160,355. (Def's Sent. Mem.& Request For Downward Departure Under 5K.2, at 7).

Additionally, Movant's allegation that Count Eight is not related to the offense of conviction in Count One is disingenuous. Client embezzlement is what began the chain of events that led to these federal offenses. Movant was rescued by her father and brother from her predicament with Texas Community Bank & Trust when they paid off the overdraft in exchange for the bank's agreement not to report the offense to law enforcement. Then Movant again began embezzling client funds from her newly opened Frost bank escrow account to pay personal expenses. Movant attempted to rescue herself by sending the South Africans over $89,000, much of which was client escrow funds. Then she wrote a check on one of her closed Bank of America accounts and deposited the check into the Frost Bank account. Movant paid a client out of the credit Frost had advanced based on the BOA check. Movant would have this court believe she was the victim because the South African money was supposed to go into the BOA account to cover Frost Bank's loss. However, Movant told the South Africans to wire money, not to the closed Bank of America

4

account, but rather to an account at Frost Bank. (Govt. Stmt. Re: Pre-sent Rep., Exh. A & Exh. B.) Movant's conduct indicates she knew what she was doing. But for her own criminal conduct, she would not have been involved with the South Africans.

Movant also admitted to engaging in criminal conduct involving Texas Community Bank and Trust, and Bank of America throughout 2003 and 2004. She admitted to utilizing a "check kiting" scheme whereby she defrauded both banks. (Pre sentence Report at 4-5). She further admitted to writing a $183,000 check on her closed Bank of America account. (Pre sentence Report at 6). This behavior contributed to the creation of the $160,355 loss suffered by Frost Bank and shows that the loss attributable to Count Eight was part of an ongoing series of events.

Faced with proof that $160,355 was part of a common scheme or plan, counsel exercised objectively reasonable trial strategy by seeking a downward departure of sentencing based on the admission of the restitution amount. (Sentencing Memo at 3). Counsel argued that the admission of the restitution amount and promise to pay it should reduce the need for imprisonment. (*Id*.) Counsel also argued that Movant was indeed a victim of a scam and fell for it because of her desperation to save her failing business. (*Id*.)

Movant further alleges in her §2255 motion that evidence such as phone bills, a police report, and a privately conducted polygraph would have supported her claim that she was the victim, and not the perpetrator of the frauds. This Court finds that it is unlikely that the trial court would have found that the loss was not relevant conduct, even if counsel had objected on that basis and offered such evidence at sentencing. The phone records might show that she had long distance calls to and from the South Africans, but such contacts would have been expected whether or not she was a victim. The police report is merely Movant's narrative of events. The privately conducted

5

polygraph was the subject of a Motion in Limine and may not have been admissible. The exhibits to Movant's Memorandum do not demonstrate that counsel's trial strategy of admitting the amount of restitution in hopes of reducing the length of incarceration was not sound trial strategy.

Based on the foregoing, this Court finds that counsel's strategy in this case was not so ill chosen as to render the trial fundamentally unfair. *Strickland* 466 U.S. at 691.

**2.  Counsel's failure to argue that a higher burden of proof, beyond preponderance of evidence, was required when relevant conduct alone significantly increases the term of imprisonment**

Movant contends that trial counsel should have demanded the District Court use a higher standard of proof to conclude that $160,355.00 was the loss amount. (Def's Mem. at 10). She argues that had counsel done so, and been successful, Petitioner's guideline range would have been 0 to 6 months rather then 15 to 21 months.

Movant argues that counsel should have cited *United States v. Mergerson,* 4 F. 3d 337, 343-44 (5th Cir. 1993). In *Mergerson* the Court recognized that a growing number of cases decided by courts in other circuits suggested or required a higher standard of proof when a finding of a particular fact relevant to sentencing dramatically alters the sentencing options of the Court to the defendant's disadvantage. *Mergerson* 4 F. 3d at 337.

The Court in *Mergerson* did not require the higher burden of proof that Movant is seeking. In fact, the Fifth Circuit has yet to require a trial court to apply the higher burden of proof at sentencing. The standard that the government has the burden of proving by a preponderance of the evidence the facts necessary to support an increase in sentence level, has been continuously used by the Fifth Circuit. *United States v. Lindsley*, 254 F. 3d 71 (5th Cir. 2001). Even if this Court found that this case should be the first one in the Fifth Circuit to use the higher standard of proof, the

6

government would still have met the burden. Movant admitted to all relevant conduct in her factual resume, plea agreement, pre sentence report, and request for downward departure of sentencing. Movant's admissions would have clearly exceeded any burden of proof that the government needed to meet.

Movant has failed to show that counsel's performance fell below an objective standard of reasonableness and that any deficient performance prejudiced Movant's defense. *Strickland* 466 U.S. at 691. The evidence against the Movant is substantial, and her sentencing was fair. Movant has not demonstrated that counsel provided constitutionally ineffective assistance at sentencing.

## **RECOMMENDATION**

This Court hereby recommends that Movant's motion to vacate, set aside or modify her conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

SIGNED, OCTOBER 25, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).