IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JENNIFER MITCHELL,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0987-L |
| | § | No. 3:05-CR-099-L |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

This is a motion to vacate, set aside, or correct sentence brought under 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 636(b), this action was referred to the United States magistrate judge for proposed findings and recommendation. The U.S. Magistrate Judge's Findings, Conclusions, and Recommendation were filed on October 25, 2006. Movant Jennifer Mitchell filed objections on November 8, 2006.

The court agrees with Mitchell that the magistrate judge misspoke in a single finding that "Movant admitted in her plea agreement that the criminal conduct alleged in Count Eight was relevant conduct." Findings at 4. Mitchell in fact agreed that the maximum penalties the court could impose at sentencing included:

> restitution to the victims of defendant's conduct or to the community in an amount to be ordered by the Court. The defendant agrees, as part of her plea bargain with the government, that the amount and recipients of any restitution shall not be limited to that suffered by the victim or victims of the conduct described in the particular count to which the defendant is pleading guilty, but shall include the losses incurred by all of the victims of all of the conduct *considered by the Court as "relevant conduct"* for purposes of calculating the offense level in this case . . .

Plea Agreement at 2 (emphasis added). Mitchell signed the plea agreement. The restitution imposed in this case encompassed the conduct the court considered as "relevant conduct," just as Mitchell had agreed.

The court agrees with the magistrate judge that Mitchell has not demonstrated ineffective assistance of counsel. Mitchell requested in her sentencing memorandum a sentence to include $160,355 in restitution. Mitchell essentially argues that she agreed to that sum only if the court sentenced her to one day in prison, not if she received a term of imprisonment greater than that. This argument is rejected. The court asked Mitchell at her rearraignment whether she understood she would likely be required to pay restitution to her victims as part of her sentence, and Mitchell agreed that she did understand that.

After making an independent review of the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Mitchell's objections thereto, the court determines that the findings and conclusions of the magistrate judge are correct, with the exception referred to above. They are therefore accepted as those of the court. Mitchell's Objections are overruled. Accordingly, Mitchell's Motion Pursuant to Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby **denied**, and this action is **dismissed with prejudice**.

**It is so ordered** this 29th day of December, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge